# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DANIEL WAKEFIELD, Individually and as Guardian and Next Friend of V.W., a minor, and NANCY HAGLER, Special Administrator of the Estate of Debra Wakefield, deceased,

      Plaintiffs,

v.

P.A.M. TRANSPORT, INC., et al.,

      Defendants.

Case No. CIV-18-405-D

## ORDER

Upon review of the First Amended Complaint, the Court finds insufficient factual allegations to support the assertion of diversity jurisdiction under 28 U.S.C. § 1332. *See* First Amend. Compl. ¶ 7.[1] In the Complaint, Defendant P.A.M. Transport, Inc. is alleged to be "a foreign for-profit corporation incorporated in the State of Arkansas" who "may be served by virtue of its registered service agent in the State of Oklahoma …." *See id*. ¶ 4. For diversity purposes, a corporation has dual citizenship—the state of incorporation and where its principal place of business

---

[1] The Court has "an independent obligation to determine whether subject matter jurisdiction exists" and may raise the issue sua sponte at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

is located. *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). Here, the Complaint contains no information concerning P.A.M.'s principal place of business and, therefore, fails to allege the citizenship of this party as to establish complete diversity of citizenship.

**IT IS THEREFORE ORDERED** that Plaintiff shall file an amended complaint to allege the existence of diversity jurisdiction within **fourteen (14) days** from the date of this Order.

**IT IS SO ORDERED** this 25th day of May 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE